1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   WALTER SOBERA, WILLIE B. OWENS, ) Case No. 14-cv-00979-SC
    ABDIWELI JEYDHE, CANDIS DOERING, )
10  JAMES HOPKINS, and GREGORY       ) ORDER GRANTING DEFENDANT'S
    GLYNN,                           ) MOTION TO STAY
11                                   )
                 Plaintiffs,         )
12                                   )
           v.                        )
13                                   )
    DEPUY ORTHOPAEDICS, INC.;        )
14  JOHNSON & JOHNSON SERVICES,      )
    INC.; JOHNSON & JOHNSON, INC.;   )
15  THOMAS P. SCHMALZRIED, M.D.; and )
    DOES 1 through 20, inclusive,    )
16                                   )
                 Defendants.         )
17  _____ )

18

19

20  **I.  INTRODUCTION**

21       Now before the Court are Plaintiffs' motion to remand to the

22  Superior Court of California and Defendants DePuy Orthopaedics,

23  Inc.; Johnson & Johnson Services, Inc.; and Johnson & Johnson's

24  (collectively "Defendants") motion to stay these proceedings.  Both

25  motions are fully briefed,[1] and both are suitable for decision

26  without oral argument pursuant to Civil Local Rule 7-1(b).  For the

27  _____

28  [1] ECF Nos. 10 ("Pls.' Mot."), 12 ("Opp. to Pls.' Mot."), 11 ("Defs.
    Mot."), 13 ("Opp. to Defs.' Mot."), 14 ("Defs.' Reply").

1  reasons set out below, the Court GRANTS Defendants' motion and
2  STAYS this case, including its consideration of Plaintiffs' motion
3  to remand.

5  **II.  <u>BACKGROUND</u>**

6      On January 30, 2014, Plaintiffs filed this action in the
7  Superior Court of California for the County of San Francisco.
8  Plaintiffs alleged that Defendants manufactured, promoted, and/or
9  sold the DePuy Pinnacle Acetabular Cup System ("Pinnacle System"),
10 a device used in hip replacement surgery, which Plaintiffs claim
11 was defective.  ECF No. 1 at 43-48.  On March 3, Defendants removed
12 the case, invoking federal diversity jurisdiction under 28 U.S.C. §
13 1332 and claiming that Defendant Thomas P. Schmalzried, M.D.
14 ("Schmalzried") had been fraudulently joined.  ECF No. 1.
15 Plaintiffs sought remand, arguing that Schmalzried was properly
16 joined and that its California citizenship precluded diversity
17 jurisdiction.  Pls.' Mot. at 2.

18     In May of 2011, the Judicial Panel on Multidistrict Litigation
19 ("JPML") established MDL No. 2244 to handle cases sharing "factual
20 questions as to whether DePuy's Pinnacle Acetabluar Cup
21 System . . . was defectively designed and/or manufactured, and
22 whether Defendants failed to provide adequate warnings concerning
23 the device."  <u>In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant</u>
24 <u>Prods. Liab. Litig.</u>, 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011).
25 Defendants requested that the JPML transfer this case to MDL 2244
26 and that this Court stay all proceedings pending the JPML's
27 decision.  On March 25, 2014, the JPML issued a conditional
28 transfer order identifying this case as one involving questions of

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  fact common to the other actions previously transferred to MDL

2  2244.  Conditional Transfer Order (CTO-171) at 1-2, <u>In re De PPuy</u>

3  <u>Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.</u>, No.

4  14-00348, MDL No. 2244 (J.P.M.L. 2014); ECF No. 1 ("CTO-171").

5  Plaintiffs have opposed the transfer.

6

7  **III.  <u>LEGAL STANDARD</u>**

8       The authority to stay proceedings "is incidental to the power

9  inherent in every court to control the disposition of the causes on

10  its docket . . . ." <u>Landis v. North American Co.</u>, 299 U.S. 248,

11  254 (1936).  A conditional transfer order does not require that the

12  transferor court stay proceedings or limit its jurisdiction.

13  J.P.M.L. Rule 2.1(d).  Rather, the decision to grant a stay is

14  within the district court's discretion.  <u>See</u> <u>In re iPhone App.</u>

15  <u>Litig.</u>, No. 10-CV-5878-LHK, 2011 WL 2149102, at *2 (N.D. Cal. May

16  31, 2011); <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp. 1358, 1360 (C.D.

17  Cal. 1997).  When considering a stay pending transfer to MDL,

18  courts consider three factors: (1) conserving judicial resources

19  and avoiding duplicative litigation; (2) hardship to the moving

20  party if the action is not stayed; and (3) potential prejudice to

21  the nonmoving party.  <u>See, e.g.</u>, <u>Lingle v. DePuy Orthopaedics,</u>

22  <u>Inc.</u>, No. 11cv1486, 2011 WL 5600539, at *1 (S.D. Cal. Nov. 17,

23  2011); <u>Rivers</u>, 980 F. Supp. at 1360.

24

25  **IV.  <u>DISCUSSION</u>**

26       **A.    <u>Judicial Economy and Duplicative Litigation</u>**

27       This first factor primarily concerns preventing this Court

28  from "needlessly expend[ing] its energies familiarizing itself with

**United States District Court**
For the Northern District of California

1  the intricacies of a case that would be heard by another judge" and

2  avoiding replication of case management by the MDL judge.  Rivers,

3  980 F. Supp. at 1360-61.  When deciding whether to grant a stay

4  prior to ruling on a motion to remand, "courts consider whether the

5  motion raises issues likely to arise in other actions pending in

6  the MDL transferee court."  Conroy v. Fresh Del Monte Produce,

7  Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).  Courts that

8  have denied a stay and ruled on motions to remand have found that

9  the issues involved in the remand motion were unlikely to arise in

10  any other cases before the MDL.  See, e.g., Lopez v. Pfeffer, No.

11  13-cv-03341 NC, 2013 WL 5367723, at *3 (N.D. Cal. Sept. 25, 2013);

12  Marble v. Organon USA, Inc., No. C 12-02213 WHA, 2012 WL 2237271,

13  at *3 (N.D. Cal. June 15, 2012).

14      The Court finds that the interests of judicial economy favor

15  staying this action and allowing the MDL to resolve the motion to

16  remand.  Judicial efficiency is served generally through

17  consolidation in the MDL.  All of the (more than one thousand)

18  products liability cases involving the Pinnacle System can be heard

19  by a single judge who is familiar with the facts.  See CTO-171, at

20  1.  More specifically, a number of other cases involving the issue

21  of Schmalzried's fraudulent joinder have already been stayed by the

22  district courts hearing them and referred to the MDL.  See, e.g.,

23  Blalock v. DePuy Orthopaedics, Inc., No. C 11-04746 SBA, 2011 WL

24  6217540, at *2 (N.D. Cal. Dec. 14, 2011); Lingle, 2011 WL 5600539

25  at *1-*2; Earl v. DePuy Orthopaedics, Inc., No. 2:11-cv-07831-JHN-

26  MRW, 2011 WL 7092288 (C.D. Cal. Nov. 15, 2011); Freisthler v. DePuy

27  Orthopaedics, Inc., No. CV 11-6580 DSF, 2011 WL 4469532, at *2

28  (C.D. Cal. Sept. 21, 2011).  Staying this action will allow the MDL

4

**United States District Court**
For the Northern District of California

1   to resolve the issue of Schmalzried's fraudulent joinder in all of
2   these cases efficiently and consistently.

3       In opposing the motion to stay, Plaintiffs rely almost
4   exclusively upon <u>Shelton v. DePuy Orthopaedics, Inc.</u>, another
5   products liability case involving the Pinnacle System in which
6   Schmalzried was joined.   In that case, Judge Dean Pregerson denied
7   a motion to stay pending transfer to the MDL, held that Schmalzried
8   had not been fraudulently joined, and remanded the matter to state
9   court.   No. CV 11-08082 DDP, 2011 WL 6001630 (C.D. Cal. Dec. 1,
10  2011); <u>see also</u> Opp. to Defs.' Mot. at 2, 6.   <u>Shelton</u> recognized
11  that district courts have divided on this issue, sometimes granting
12  stays and sometimes ruling on motions to remand.   <u>Id.</u> at *1.

13      <u>Shelton</u> also applied a test developed in the Eastern District
14  of Wisconsin, which suggests that a court should consider a motion
15  to stay prior to a motion to remand "only if the jurisdictional
16  issue is both difficult and similar or identical to those cases
17  transferred or likely to be transferred [to the MDL]."   <u>Id.</u>
18  (quoting <u>Meyers v. Bayer AG</u>, 143 F. Supp. 2d 1044, 1049 (E.D. Wis.
19  2001).   However, this Court has never adopted that test, and, as
20  evidenced by the numerous contrary cases cited above, adoption of
21  the <u>Myers</u> test is hardly widespread.   <u>See also</u> <u>Grove v. Organon</u>
22  <u>USA, Inc.</u>, No. 13-2138 SC, 2013 WL 3286225, at *1 (N.D. Cal. June
23  27, 2013) ("It is obvious to the Court that it can consider a
24  motion to stay before a motion to remand . . . .").   Courts in
25  this district have regularly considered motions to stay before
26  motions to remand.

27      Even were this Court to adopt the <u>Myers</u> test, an important
28  distinction from <u>Shelton</u> renders <u>Shelton</u> inapposite.   As Defendants

point out, <u>Shelton</u> was decided solely on the basis of California

law.  <u>Shelton</u>, 2011 WL 6001630, at *3 ("Defendants argue that there

is no possibility Plaintiff can prevail on any of her claims

against Dr. Schmalzried under California law.").  Here, Plaintiffs

and Defendants disagree as to which law applies to the question of

Schmalzried's potential liability.  <u>See</u> Pls.' Mot., at 10 ("it is

evident that California law applies to this action"); Opp. to Pls.'

Mot., at 15 ("plaintiffs are wrong that California law governs").

If this Court were to evaluate the complexity of the jurisdictional

issue before it, as required by the <u>Myers</u> test, the additional

complexity in this remand motion would likely render transfer to

the MDL appropriate.

Allowing the MDL to decide the fraudulent joinder issue avoids

unnecessary duplicative litigation across several federal

districts.  It also eliminates the risk of inconsistent rulings,

either among the district courts, between the district courts and

the MDL, or both.

**B.   Hardship to the Moving Party**

The Court finds that denying the motion to stay would impose

hardship upon Defendants.  Primarily, it would force Defendants to

"litigate the same complex issues in this Court that will likely be

later litigated in the MDL court."  Defs.' Mot., at 7. This factor,

too, favors granting a stay.

**C.   Prejudice to Non-Moving Party**

Plaintiffs do not directly assert any prejudice inflicted by

the stay, though they do argue that Defendants' motion is "only

meant to delay."  Opp. to Defs.' Mot., at 7.  Any delay is likely

to be short, as the JPML is already considering whether to transfer

the case.  Moreover, the efficiency and expertise gained through having a single judge hear the motion to remand alongside others like it likely outweigh any prejudice.  See Grove, 2013 WL 3286225, at *1.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion and STAYS the proceedings in this case, including consideration of Plaintiffs' motion to remand, pending the JPML's decision on transferring the case.

IT IS SO ORDERED.

Dated: N*ã↔→ÁGǦÊÁG€FH

_____
UNITED STATES DISTRICT JUDGE